UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JASON BASS, ET AL. | CIVIL ACTION NO. 17-0947 |
| versus | JUDGE SUMMERHAYS |
| BERRY BROS. GENERAL CONTRACTORS, INC. | MAGISTRATE WHITEHURST |

### REPORT AND RECOMMENDATION

The parties reached a settlement in this case which has been conditionally certified a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. As a result, counsel filed a Joint Motion for Settlement Agreement Approval and Dismissal with Prejudice [Doc. 30], and separately filed a sealed copy of the Confidential Settlement and Release Agreement [Doc. 34] for review and approval of the settlement in camera. Plaintiffs also filed an Unopposed Motion for Award of Attorney's Fees and Costs [Doc. 37][1]. Based on a review of the motions, the Confidential Settlement, the applicable law and jurisprudence and, for the following reasons, it is recommended that the Joint Motion for Approval of Confidential Settlement Agreement and Release [Doc. 30] and the Unopposed Motion for Award of Attorney's Fees and Costs [Doc. 37] be

---

[1] Plaintiffs motion was filed in accordance with this Court's March 24, 2020 order requiring the parties to submit documentation supporting the amount of attorney's fees awarded in the proposed settlement, so that the Court could properly address the Joint Motion for Settlement Approval and Dismissal.

GRANTED.

## LAW AND ANALYSIS

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized. *See Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945). Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008).

The instant action presents a bona fide dispute over FLSA provisions, including whether the plaintiffs were properly classified as independent contractors, whether the plaintiffs were properly paid on an hourly basis or whether they were misclassified and entitled to overtime pay, whether the defendant's alleged violations were made in good faith and on reasonable grounds and whether the defendant's alleged FLSA violations were willful. The case has been litigated for almost two years.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or

collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), *citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel. *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998).

The parties have agreed to individual settlement amounts for the plaintiffs as set forth in Exhibit B to the Agreement.[2] There is no evidence of any fraud or collusion behind the settlement. The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Camp v. Progressive Corp.*, 2004 WL 2149079 at *7 (E.D. La. 2004), *citing Newberg on Class Actions* §11.51 (4th ed.). Since this case was filed in 2017, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressing the issues presented in this litigation. It is clear that the settlement has been arrived at by arms-length and good faith negotiations. The first factor favors approval of the settlement as fair,

---

[2] Doc. 34 (UNDER SEAL).

adequate, and reasonable.

With regard to the inquiries set forth in the second factor, the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel. Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one or two more years, including any appeal of any adverse judgment, causing the parties to have incurred significant additional expense. Accordingly, the second factor weighs in favor of finding that the settlement is fair, adequate and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate and reasonable, and accordingly, should be approved. This case has been pending for almost three years. During its pendency, the parties have conducted significant discovery and factual and legal investigations. While it is clear that the Plaintiffs did not receive overtime pay–the number of hours worked in a given workweek was contested, as was Plaintiffs' status as independent contractors and their eligibility for overtime pay. Thus, discovery taken by the Plaintiffs highlights that there remain contested questions of fact on the issue of liability and damages.

The fourth factor, probability of plaintiff's success on the merits, supports a

finding that the settlement is fair, adequate, and reasonable. This case has been litigated by competent lawyers on each side who enjoy great respect in their field from both sides of the aisle. Counsel for Plaintiffs has appeared multiple times in this Court and has a history of success in large-scale wage and hour litigation. Counsel for the Defendant is also well known to this Court and the legal community as a skilled litigator, particularly in employment-based matters. In light thereof, and given the nature of the disputed issues underlying this lawsuit, there is uncertainty surrounding the eventual outcome of the litigation, as well as the potential for appeal to the Fifth Circuit, such that the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate, and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate, and reasonable. There are not records in this case to clearly and accurately indicate the number of hours worked by the Plaintiffs and the Defendants contest that Plaintiffs work the hours claimed. Indeed, Defendants contend that Plaintiffs are not entitled to any damages. As a result of the settlement, each eligible class member will receive a sum representing a percentage of back pay due for overtime violations, plus an equal amount as liquidated damages and interest. The Court therefore finds that the total amount offered to each eligible plaintiff represents a settlement that curtails risk while resolving this dispute for an amount that is adequate, fair, and reasonable and

within range anticipated by the Court.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel and the class representative, as well as the defendant and its counsel, have approved the terms of the Settlement Agreement and have joined in asking this Court for approval. There have been no objections to the settlement whatsoever and all agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after intense settlement negotiations by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good and fair settlement.

As part of the fairness determination, the Court must also assess the reasonableness of any proposed award of attorney's fees and expenses sought by plaintiff's counsel. *Strong v. BellSouth*, 137 F.3d 844, 849-850 (5th Cir. 1998). Plaintiffs' counsel seeks approval of an award of roughly 40% of the gross amount of the settlement, which includes $1,626.00 in costs and expenses. For the reasons that follow, Court approval for payment by the defendant of these amounts to the plaintiffs' counsel should be granted.

The Fifth Circuit generally uses the lodestar method for determining reasonable attorney's fees in class actions and FLSA actions. *Strong*, 137 F.3d at 850. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id.* After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Further, "[t]he lodestar ... is presumptively reasonable and

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Heidtman*, 171 F.3d at 1043, *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996), *citing City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

In this case, all parties have agreed plaintiffs' counsel is entitled to a total of 40% of the gross settlement amount for attorney's fees. The parties have submitted documentation as to the total hours of attorney work performed by plaintiffs' counsel, counsels' customary rate of pay, and the expenses incurred by the plaintiffs in this litigation. The record shows that class counsels' attorneys' fee is based on 70.4 attorney and staff hours, delivered over the course of litigating this case, and is supported by fair and reasonable rates and hours. Class counsels' rates for work are $125-500 per hour. Class counsel's rates are consistent with the rates charged by both plaintiff and defense attorneys who practice in this district and in the Fifth Circuit. The number of hours class counsel worked was reasonable, given the novelty and complexity of the litigation. After a review of all of the lodestar factors, the Court finds that the agreed-upon award of attorney's fees and the proposed award in this case is fair and reasonable. As previously noted, a significant amount of time and effort has been expended in the nearly three years this case has been pending. Class counsel's skill, knowledge, reputation, and experience is well-recognized in FLSA cases such as this. For all of the foregoing reasons, the Court finds that the proposed attorneys' fee award in this case is fair and reasonable.

## **CONCLUSION**

Considering the foregoing, it is recommended that the Joint Motion for Approval of Confidential Settlement Agreement and Release [Doc. 30] and the Unopposed Motion for Award of Attorney's Fees and Costs [Doc. 37] be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 1st day of April 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE